**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JEANNE BURCHAM,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **OFFICE OF THE SERGEANT AT ARMS AND DOORKEEPER OF THE UNITED STATES SENATE,** <br><br> **Defendant.** | ) | **Civil Action No. 17-2661 (TSC)** |

**DEFENDANT'S ANSWER**

Defendant, the Office of the Senate Sergeant at Arms ("OSAA" or "Defendant"), for its answer to the Complaint filed by Jeanne Burcham ("Plaintiff") in the above-captioned matter states as follows:

Defendant denies each allegation within Plaintiff's Complaint in this matter except as expressly admitted, qualified, or otherwise answered herein. Plaintiff has pleaded an unnumbered prefatory paragraph directly under the heading: "Complaint for Equitable and Monetary Relief and Demand for Jury Trial." This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this prefatory paragraph.

**PARTIES**

1. Paragraph 1 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 1.

2. Defendant admits that it employed Plaintiff from approximately December 2004, until her termination in April 2017. Defendant avers that at the time of the termination of her employment, Plaintiff's job title was Financial Manager. Defendant denies the remaining allegations in Paragraph 2.

3. Paragraph 3 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiff was a "covered employee," as defined in 2 U.S.C. § 1301(3), during her employment at the OSAA. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that it is an "employing office," as defined in 2 U.S.C. § 1301(9) and, therefore, a proper defendant to a claim under 2 U.S.C. § 1408(b). Defendant denies the remaining allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that it regularly conducts business in the District of Columbia. Defendant denies the remaining allegations in Paragraph 5.

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant avers that this Court has jurisdiction over claims arising under the Congressional Accountability Act of 1995, as amended, 2 U.S.C. §§ 1301-1438 (2012) (the "CAA") pursuant to 2 U.S.C. § 1408(a). Defendant denies the remaining allegations in Paragraph 6.

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that, while employed by the

OSAA, Plaintiff primarily performed work for the OSAA in the District of Columbia. Defendant denies the remaining allegations in Paragraph 7.

8. Paragraph 8 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 8.

**FACTUAL ALLEGATIONS**

9. Defendant admits, on information and belief, that Plaintiff is 59 years old and female. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, that Plaintiff is living in Loudon County, Virginia.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 13.

14. Defendant admits that Plaintiff was appointed on or around December 20, 2004. Defendant avers that Plaintiff's title when she was appointed was Senior Financial Analyst. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits that, effective December 1, 2005, Plaintiff was reclassified as a Financial Manager. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant admits that, beginning in or about mid-2005, Chris Dey, Chief Financial Officer, became Plaintiff's first-line supervisor. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that, beginning in or about mid-2005, the Deputy Sergeant at Arms became Plaintiff's second-line supervisor, and admits that the Deputy Sergeant at Arms position is politically appointed. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that Jim Morhard has been the Deputy Sergeant at Arms since January 2015. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits that, during some periods of her employment with the OSAA, plaintiff was the direct supervisor of three OSAA employees. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22

23. Defendant denies the allegations in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 24.

25. Defendant admits that Plaintiff reported to former OSAA employee Jean McComish (then Senior Human Resources Administrator) that, on or around January 4, 2011, Craig Huffman went to Plaintiff's office, closed Plaintiff's door, and yelled at her. Defendant further admits that Ms. McComish retired from the OSAA. Defendant denies the remaining allegations in Paragraph 25.

26. Defendant denies, on information and belief, the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that in approximately November or December 2016, Mr. Morhard informed Mr. Dey that he had heard concerns about Plaintiff and David Baker, each of whom reported to Mr. Dey. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant admits that Mr. Baker is male and approximately 63 years old.

30. Defendant admits that in approximately November or December 2016, Mr. Morhard said to Mr. Dey that he had heard that Mr. Baker was mean and unpleasant to work with, or words to that effect. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that during a conversation between Mr. Morhard and Mr. Dey in approximately November or December 2016, Mr. Dey defended Mr. Baker and stated his opinion that what Mr. Morhard had heard about Mr. Baker was not true. Defendant denies the remaining allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34. Defendant avers that Mr. Dey defended Plaintiff to Mr. Morhard.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of what Plaintiff purports to have learned or when she purports to have learned it, and on that basis denies, the allegations in Paragraph 35.

36. Defendant admits that in January 2017, Mr. Morhard denied a request to repost a Budget Analyst position in the OSAA Finance department. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant admits that in approximately January 2017, Plaintiff asked Mr. Dey why Mr. Morhard was holding up the reposting of the Budget Analyst position. Defendant denies the remaining allegations in Paragraph 37.

38. Defendant admits that in approximately January 2017, Mr. Dey told Plaintiff that Mr. Morhard had relayed to him, in or around November or December 2016, that Mr. Morhard had been told that Plaintiff would not hire black people. Defendant denies the remaining allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on the basis denies, the allegations in Paragraph 39.

40. Defendant admits that in approximately January 2017, Plaintiff asked Mr. Dey who provided information to Mr. Morhard and Mr. Dey did not tell Plaintiff who had provided information to Mr. Morhard. Defendant denies the remaining allegations in Paragraph 40.

41. Defendant admits that Mr. Morhard did not tell Mr. Dey who spoke with him about Plaintiff. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 42 regarding what Plaintiff purports to have learned. Defendant denies the remaining allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 43 regarding what Plaintiff purports to have learned. Defendant denies the remaining allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 45.

46. Defendant admits that in approximately January 2017, Plaintiff informed Mr. Dey that she wanted to speak with Mr. Morhard regarding what Mr. Morhard may have been told about her. Defendant denies the remaining allegations in Paragraph 46.

47. Defendant admits the allegations in Paragraph 47.

48. Defendant admits that, when meeting with Mr. Morhard on February 16, 2017, Mr. Morhard mentioned the good performance evaluation Plaintiff received in or around November 2016. Defendant denies the remaining allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant admits that, when meeting with Mr. Morhard on February 16, 2017, Plaintiff appeared to read from a piece of paper she had brought with her. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant admits that in the February 16, 2017, meeting, Plaintiff asked Mr. Morhard who had provided information to him about her. Defendant denies the remaining allegations in Paragraph 53.

54. Defendant admits that Mr. Morhard would not tell Plaintiff who had provided information to him about her. Defendant denies the remaining allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56. Defendant avers that in the February 16, 2017, meeting, Mr. Morhard told Plaintiff that he was not going to tell anyone else about the comment that had been made to him unless the issue came up again.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of what Plaintiff purports to have learned, and on that basis denies, the allegations in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59. Defendant avers that Anne Lyles, whose title is Human Resources Manager, contacted Plaintiff on March 6, 2017, disclosed that there was an investigation, and made arrangements to meet with Plaintiff the following day.

60. Defendant admits that on or about March 6, 2017, Plaintiff asked Mr. Dey why the Human Resources department was scheduling a meeting with her. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on the basis denies, the allegation that Plaintiff spoke to Mr. Dey immediately following a call with the Human Resources department. Defendant denies the remaining allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant admits the allegation in Paragraph 62.

63. Defendant admits that Plaintiff met with Anne Lyles (then Human Resources Manager), Erica Miller (then Human Resources Administrator), and Bret Swanson (then Assistant Sergeant at Arms for Operations) on March 7, 2017. Defendant denies the remaining allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant admits that Ms. Lyles informed Plaintiff that she would not disclose who had made a complaint of workplace harassment. Defendant denies the remaining allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant admits that the interview with Plaintiff on March 7, 2017, lasted roughly one and a half hours. Defendant denies the remaining allegations in Paragraph 67.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 68 regarding what Plaintiff purports to have learned. Defendant denies the remaining allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant admits that, in April 2016, Plaintiff referred a candidate for a Budget Analyst position to Mr. Dey for an interview. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 70.

71. Defendant denies that Plaintiff referred a job applicant named Tynisha Mayes to Mr. Dey for an interview. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the remaining allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, what Plaintiff purports to have learned. Defendant denies the remaining allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant admits that on March 16, 2017, Mr. Swanson, Ms. Miller, and Ms. Lyles met with Mr. Dey. Defendant denies the remaining allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant admits that Mr. Swanson, Ms. Miller, and Ms. Lyles held a second investigative interview with Plaintiff on March 20, 2017. Defendant denies the remaining allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87. Defendant avers that, during the March 20, 2017 interview, Plaintiff admitted that she had discussed the substance of her interview with Mr. Dey and Mr. Baker and Ms. Lyles reminded Plaintiff that she had been instructed in her first interview not to discuss the investigation with others to maintain confidentiality of the investigation.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93. Defendant avers that during the investigation, Plaintiff was asked, among other things, if she said to a member of her staff or another OSAA employee that a specific high-level manager was artificially inseminated because

no one would want to have sex with her; if she told another OSAA employee that Mr. Huffman walks funny because he wears a butt plug; and if she had made disparaging remarks about individuals with disabilities.

94. Defendant admits that in the March 20, 2017, interview, Plaintiff said words to the effect that she believed someone with an agenda was slandering her and that she believed what was being said about her was damaging her reputation. Defendant denies the remaining allegations in Paragraph 94. Defendant avers that during the investigation, Plaintiff said, among other things, that she did not say that a specific high-level manager was artificially inseminated because no one would want to have sex with her; said that she did not say that Mr. Huffman walks funny; and said that she had not made disparaging remarks about individuals with disabilities.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant admits that on March 22, 2017, Plaintiff emailed Ms. Lyles, Ms. Miller and Mr. Swanson and attached a document she described as "the 4 page document of responses to questions asked of me by the panel." Defendant denies the remaining allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant admits that on April 12, 2017, Ms. Lyles asked Plaintiff to come to the Human Resources Department for a meeting that day at 2:30 p.m. Defendant denies the remaining allegations in Paragraph 100.

101. Defendant admits that Plaintiff was informed in the April 12, 2017, meeting with Mr. Morhard and Tammy Buckingham (Director of Human Resources) that her employment was terminated. Defendant denies the remaining allegations in Paragraph 101.

102. Defendant admits the allegations in Paragraph 102.

103. Defendant admits that in the April 12, 2017, meeting with Mr. Morhard and Ms. Buckingham, Plaintiff was told to return the OSAA belongings in her possession. Defendant further admits that Plaintiff was told not to return to her office. Defendant denies the remaining allegations in Paragraph 103. Defendant avers that in that meeting Plaintiff returned an OSAA cell phone, Senate I.D. badge, and three OSAA keys. Defendant further avers that in that meeting Plaintiff was told that her belongings would be boxed up and brought to the OSAA Human Resources department to be retrieved.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant admits that OSAA employee Chris Carpenter, a male, was arrested on or around December 1, 2015, and charged with having an unregistered firearm and unregistered ammunition in the District of Columbia after he attempted to enter the Dirksen Senate Office Building with a handgun in his backpack. Defendant admits that Mr. Carpenter's employment was not terminated by the OSAA. Defendant denies the remaining allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant admits that Mr. Huffman, a male, was not terminated and did not receive written discipline based on Plaintiff's report that he yelled at Plaintiff on or around January 4, 2011. Defendant denies the remaining allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110. Defendant avers that Morgan Peters applied and competed for the position of Financial Manager previously held by Plaintiff and avers that Ms. Peters was selected for, and currently holds, that position.

111. Defendant denies the allegations in Paragraph 111. Defendant avers that Ms. Peters is 38 years old.

112. Defendant denies the allegations in Paragraph 112.

**COUNT I**
**Discrimination Based on Gender**
**Congressional Accountability Act of 1995**
**2 U.S.C. § 1311**

113. Defendant denies the allegations in Paragraph 113, except that Defendant incorporates its responses to Paragraphs 1-112 above.

114. Paragraph 114 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115. Paragraph 115 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiff was a "covered employee," as defined in 2 U.S.C. § 1301(3), during her employment at the OSAA, and denies the remaining allegations in Paragraph 115.

116. Paragraph 116 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116.

117. Paragraph 117 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that it is an "employing office," as defined in 2 U.S.C. § 1301(9) and denies the remaining allegations in Paragraph 117.

118. Defendant denies the allegations in Paragraph 118.

119. Defendant denies the allegations in Paragraph 119.

120. Defendant denies the allegations in Paragraph 120.

121. Paragraph 121 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

**COUNT II**
**Discrimination Based on Age**
**Congressional Accountability Act of 1995**
**2 U.S.C. § 1311**

123. Defendant denies the allegations in Paragraph 123, except that Defendant incorporates its responses to Paragraphs 1-122 above.

124. Paragraph 124 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125. Paragraph 125 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that Plaintiff was a "covered employee," as defined in 2 U.S.C. § 1301(3), during her employment at the OSAA, and denies the remaining allegations in Paragraph 125.

126. Paragraph 126 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in Paragraph 126.

127. Paragraph 127 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendant admits that it is an "employing office," as defined in 2 U.S.C. § 1301(9) and denies the remaining allegations in Paragraph 127.

128. Defendant denies the allegations in Paragraph 128.

129. Defendant denies the allegations in Paragraph 129.

130. Paragraph 130 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of, and on that basis denies, the allegations in Paragraph 130.

131. Defendant denies the allegations in Paragraph 131.

## PRAYER FOR RELIEF

To the extent a responsive pleading is required, Defendant denies the allegations in the Prayer for Relief section of the Complaint and denies that Plaintiff is entitled to any of the requested relief.

## DEMAND FOR JURY TRIAL

To the extent a responsive pleading is required, Defendant denies the allegations in the Demand for Jury Trial section of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, the OSAA asserts the following affirmative and other defenses without undertaking to assume the burden of proof as to any such defense, except as provided by law.

### FIRST DEFENSE
(Failure to State a Claim for Relief)

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Lack of Subject Matter Jurisdiction/
Failure to Exhaust Administrative Remedies)

To the extent Plaintiff asserts in this action any claim for which she failed timely to file a request for counseling or a request for mediation and/or any claim that was not raised in counseling or

raised in her request for mediation, such claims are barred due to a failure to exhaust administrative remedies.

THIRD DEFENSE
(Sovereign Immunity)

To the extent Plaintiff has not fully observed the conditions and limitations upon which Congress has waived Defendant's sovereign immunity, the Court lacks jurisdiction over Plaintiff's claims.

FOURTH DEFENSE
(Lack of Subject Matter Jurisdiction)

To the extent Plaintiff alleges that Defendant committed illegal acts other than those prohibited by the CAA, the Court lacks jurisdiction of those claims.

FIFTH DEFENSE
(Lack of Discrimination)

Defendant based its decisions with respect to Plaintiff's employment on legitimate, non-discriminatory business reasons.

SIXTH DEFENSE
(Exclusive Statutory Remedy)

The exclusive remedy for the claims asserted by Plaintiff is provided by the CAA. To the extent Plaintiff seeks relief that is not available under the CAA, the Court is without jurisdiction to grant the relief requested.

SEVENTH DEFENSE
(Mitigation of Damages)

To the extent Plaintiff has failed to mitigate her damages, any damages awarded to Plaintiff should be reduced accordingly.

EIGHTH DEFENSE
(Estoppel)

Any of the conduct of the Defendant or its agents that is alleged to be unlawful was taken in

response to conduct by the Plaintiff, and thus Plaintiff is estopped to assert any cause of action against Defendant.

NINTH DEFENSE
(Special Damages)

Plaintiff has failed to allege specifically special damages. Accordingly, Plaintiff is not entitled to recover such damages.

TENTH DEFENSE
(Mixed Motive)

As to those CAA claims for which a mixed motive claim may be legally authorized, even if Defendant took adverse action in part because of a discriminatory, illegitimate or unlawful motive, which it did not, Defendant would not be liable under the CAA or would have limited liability if Defendant would have taken the same action even in the absence of the discriminatory, illegitimate or unlawful motive.

ELEVENTH DEFENSE
(Unclean Hands)

To the extent Plaintiff has unclean hands, she is barred from equitable relief in this action.

TWELFTH DEFENSE
(After-Acquired Evidence)

To the extent that Plaintiff engaged in behavior that, had Defendant been aware of earlier, would have caused Defendant not to hire or to fire Plaintiff, Plaintiff is not entitled to recover any damages, attorneys' fees or costs incurred after the date Defendant learned of such behavior of Plaintiff.

THIRTEENTH DEFENSE
(Bad Faith)

Having brought this action in bad faith, Plaintiff must reimburse Defendant's attorneys' fees and costs.

Defendant reserves the right to prepare and to present additional and alternative defenses and to supplement or to amend this Answer.

WHEREFORE, Defendant prays that Plaintiff take nothing by her Complaint, that the Complaint be dismissed in its entirety, and that the Court award such other relief to Defendant as she deems just and proper.

Dated: March 5, 2018

Respectfully submitted,

/s/ Ann S. Robinson
Claudia A. Kostel
Senate Chief Counsel for Employment
Appearance pursuant to LCvR 83.2(e)

Ann S. Robinson
Senior Counsel for Employment
Appearance pursuant to LCvR 83.2(e)

Andrea Goplerud
D.C. Bar No. 992057
Counsel for Employment

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424
Facsimile: (202) 228-2557

*Attorneys for Defendant,*
*Office of the Sergeant at Arms and*
*Doorkeeper of the United States Senate*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2018, I electronically filed with the Clerk of the Court the foregoing Answer to the Complaint using the CM/ECF system, and service was effected electronically pursuant to LCvR 5.4 on the following counsel of record:

John T. Harrington &
R. Scott Oswald, Esq.
The Employment Law Group
888 17th Street, NW
9th Floor
Washington, DC 20006
(202) 261-2830
Fax: (202) 261-2835
tharrington@employmentlawgroup.com
soswald@employmentlawgroup.com

/s/ Ann S. Robinson
Ann S. Robinson
Senior Counsel for Employment
Appearance pursuant to LCvR 83.2(e)

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424
Facsimile: (202) 228-2557

*Attorneys for Defendant,*
*Office of the Sergeant at Arms and*
*Doorkeeper of the United States Senate*