UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JEANNE BURCHAM**, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:17-cv-2661 (TSC) |
| **OFFICE OF THE SERGEANT AT ARMS FOR THE UNITED STATES SENATE**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

After more than three years of discovery and various motions arising from Plaintiff Jeanne Burcham's employment discrimination suit, the court granted Defendant's motion for summary judgment on February 19, 2020. ECF No. 37. Defendant filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1 requesting $300 for the cost of subpoenaing two witnesses, and $10,252.74 for fees associated with ordering and printing deposition transcripts, for a total bill of costs of $10,552.74. ECF No. 39, Bill of Costs. Plaintiff objects to the entry of those costs. ECF No. 40, Pl. Opp'n. For reasons explained herein, the court will award Defendant its full bill of costs in the amount of $10,552.74.

### I. LEGAL STANDARD

Federal Rule 54 of Civil Procedure provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Though the allowance . . . of costs is in the sound discretion of the district court, the general proposition is that the prevailing party is entitled to costs in the district court as of course." *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d

1

1093, 1107 (D.C. Cir. 1985) (citations omitted). "Liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). The party opposing a cost award must demonstrate "circumstances sufficient to overcome the presumption favoring the prevailing party." *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982).

## II.   ANALYSIS

Plaintiff makes three objections to Defendant's bill of costs. First, she argues that awarding costs to Defendant would be unjust because it would punish her for bringing a lawsuit in good faith and would have a chilling effect on future litigants. Second, she contends that Defendant improperly seeks reimbursement for certain costs that were not necessary for Defendant to litigate the case. And third, Plaintiff argues that the court should not award costs for two subpoenas that were privately served.

### A.   "Element of Injustice"

Plaintiff first asserts that the court should not award Defendant costs because "there is an element of injustice in a cost award in this matter." Pl. Opp'n at 2. Specifically, she contends that the court should factor in the disparity in "size, resources, and stability" between herself and Defendant. *Id.*

Plaintiff's request that the court consider the "disparity between the parties" implies that she may lack the financial means to pay some or all of the costs. *See id.* But she does not actually say so. In fact, she makes no representations about her financial circumstances or ability to pay the requested costs. *See generally id.* "[U]nsubstantiated assertions of financial hardship," which would include implicit suggestions of financial hardship, "are an insufficient basis on which to deny costs." *Johnson v. Holway,* 522 F. Supp. 2d 12, 17 (D.D.C. 2007); *see also Youssef v. F.B.I.*, 762 F. Supp. 2d 76, 85 (D.D.C. 2011), *aff'd in part*, 687 F.3d 397 (D.C.

Cir. 2012) (finding that plaintiff's assertions of financial hardship unsubstantiated where he contended that costs were excessive but did not argue that he could not pay them); *Doe v. Garland*, No. CV 18-4 (RC), 2022 WL 1908823, at *3 (D.D.C. June 3, 2022) (requiring substantial documentation—income, expenditures, assets, and discretionary expenditures—showing a true inability to pay); *Guevara v. Onyewu*, 943 F. Supp. 2d 192, 196 (D.D.C. 2013) (finding declaration of monthly income and monthly mortgage payments insufficient documentation to show inability to pay); *Moini v. Wrighton*, No. 1:19-CV-03126 (TNM), 2022 WL 2528119, at *1 (D.D.C. July 7, 2022) (denying objection to bill of costs where plaintiff provided no documentation to support financial hardship claim).  Moreover, mere financial disparity between the parties, by itself, is an insufficient reason to deny the bill of costs.  *See id.* at *2 ("Rule 54 applies to Davids and Goliaths alike."); *Bark v. U.S. Forest Serv.*, No. CV 12-1505 (RC), 2014 WL 12768161, at *2 (D.D.C. Dec. 31, 2014) ("[N]early all parties will have disparate economics compared to the federal government, and the Court declines to insulate all litigants who lose to the government from the Rule 54(d) cost-shifting presumption.").

      Plaintiff also argues that the court should not award costs because she brought her case in good faith and thus any cost award would have a chilling effect on future litigants.  Plaintiff's good faith in bringing her lawsuit, however, does not defeat the presumption that Defendant is entitled to its costs.  *See, e.g.*, *Breiterman v. U.S. Capitol Police*, No. CV 16-893 (TJK), 2022 WL 1538693, at *3 (D.D.C. May 16, 2022) ("[G]ood faith alone is not enough to alter the [Rule 54] calculus."); *Youssef*, 762 F. Supp. 2d 76 (rejecting argument that cost award would have chilling effect on civil rights litigation); *Sykes v. Napolitano*, 755 F. Supp. 2d 118, 121 (D.D.C. 2010) ("[T]he fact that [plaintiff] proceeded in good faith does not reduce defendant's right to an award of costs."); *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 97 (D.D.C. 2008) (rejecting the

argument that a defendant's costs should not be taxed because the plaintiff brought claim in good faith; "costs are routinely awarded to prevailing defendants in civil rights cases"); *Mann v. Wash. Metro. Area Transit Auth.*, 185 F. Supp. 3d 189, 193 (D.D.C. 2016) (same).  Consequently, Plaintiff's arguments regarding these costs are without merit.

### B. Deposition Costs

Plaintiff next argues that Defendant improperly seeks to recover costs for "Realtime and Rough Services," as well as a "Video Deposition" surcharge.  Pl. Opp'n at 3–4.  She claims those costs are not recoverable because they incurred for services that benefitted defense counsel but were not necessary for Defendant to litigate the case.  *See id.*  Plaintiff's argument appears to be based on the receipts Defendant attaches to its bill of costs, which includes deposition-related costs for "Realtime and Rough Services" and "Surcharge – Video Deposition."  *See* Bill of Costs, Exs. 1 and 2.  However, Defendant omitted these costs from the itemized bill of costs submitted to the court.  *Compare* Bill of Costs, Ex. 1 at 2 (receipt for costs incurred during Burcham deposition:  $1,238.55 for original and copy of transcript; $907.35 for Realtime and Rough Services; and $35.00 for shipping and handling), *with* Bill of Costs Itemization at 2 (requesting reimbursement for $1,238.55 for original and copy of Burcham deposition transcript and not for Realtime and Rough Services or for any surcharge).  In other words, though Defendant paid for "Realtime and Rough Services" and a "Video Deposition" surcharge," it does not seek reimbursement for those costs, and Plaintiff's objection is therefore moot.

### C. Costs for Privately Served Subpoenas

Third, Plaintiff argues that costs to subpoena two of her witnesses for depositions are not allowed because those subpoenas were served by a private process service.  Pl. Opp'n at 4.  The court disagrees.

Local Rule 54.1 provides that the Clerk of the Court "shall tax" "[c]osts of service of a subpoena on witness who testified at a deposition, hearing or trial." LCvR 54.1(d)(11). Courts interpreting this rule have held that it allows for the recovery of the costs of service by a private process server. *See, e.g.*, *Young v. Sarles*, 197 F. Supp. 3d 38, 52 n.7 (D.D.C. 2016) (quoting Local Rule 54.1 in awarding costs for service of summons and complaint by a private process server); *Youssef*, 762 F. Supp. 2d at 85 (permitting recovery of private process server fees based on Local Rule 54.1(d)(11)). Moreover, Plaintiff's reliance on *Harvey v. Mohammed*, 951 F. Supp. 2d 47, 73 (D.D.C. 2013) is unavailing because that court did not consider the import of Local Rule 54.1. *See Young*, 197 F. Supp. 3d at 52 n.7 (rejecting reasoning of *Harvey* because of its failure to consider Local Rule 54.1). This court reaches the same conclusion as *Young* and *Youssef* and holds that reimbursement for the cost of privately served subpoenas is permitted by the local rules. Because Plaintiff has not provided any compelling reason to overcome the presumption of awarding permissible costs to the prevailing party, the court will grant Defendant's motion and award those costs.

### III.    CONCLUSION

For the reasons stated above, the court will award Defendant its full bill of costs, ECF No. 39, in the amount of $10,552.74.

Date: July 14, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge